

777 Third Ave, Suite 2104, New York, NY 10017
Phone: 212.952.1100 Fax: 212.952.1110
www.hbandglaw.com

> Application granted. The issues detailed herein will be addressed at the currently-scheduled case management conference set for 6/11/2025 at 12:00 p.m.
>
> The case management conference is converted to an in-person conference and will proceed at the same date and time in a courtroom to be determined at the White Plains courthouse.
>
> The Clerk of the Court is respectfully directed to terminate the letter motion pending at Doc. 27.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         May 6, 2025

April 30, 2025

*Via ECF*

Honorable Phillip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re:** *Perricone v. Coyote Outdoor Living, Inc.*
    Docket No: 7:24-cv-05370

Dear Judge Halpern,

We represent the defendant in this product liability matter concerning an allegedly defective barbeque grill. Pursuant to Rule 4 (D) of Your Honor's Individual Practice Rules, this joint letter is submitted to respectfully request a pre-motion conference concerning an expert discovery dispute, as detailed below. The parties had a meet and confer telephone conference on April 29, 2025, however the dispute could not be resolved, hence the request for the pre-motion conference.

**<u>Defendant's Position</u>**

Pursuant to Court Order, the deadline for plaintiffs' expert disclosure was March 3, 2025 (ECF No. 24). Plaintiffs' expert disclosure was timely served on that date, which featured a report from their liability expert, Raj Srinivas, P.E. <u>See</u> **Exhibit A**. The deadline for the defendant's expert disclosure was March 24, 2025 (ECF No. 26), and the defendant timely served the expert report of Donald J. Hoffman, Ph.D., P.E., C.F.I., on that date. <u>See</u> **Exhibit B**. Mr. Srinivas was

May 2, 2025
Page 2

deposed on April 3, 2025 and April 10, 2025,[1] and Mr. Hoffman was deposed on April 22, 2025. On April 24, 2025 – the deadline for the completion of all expert discovery (ECF No. 26) – plaintiffs served a "supplemental report" from Mr. Srinivas. See **Exhibit C**. The report contains several opinions which were not set forth in Mr. Srinivas's original report, and which were not based upon any new information learned by Mr. Srinivas. Additionally, the supplemental report contains Mr. Srinivas's "rebuttal" to the report of Mr. Hoffman, which was not served until the day that expert discovery closes, notwithstanding that Mr. Srinivas had been in possession of Hoffman's report for an entire month. Further, the Court's Order does not contain any directive permitting rebuttal reports.

The Southern District has held that "experts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or continually supplement their opinions." Rodriguez v. Vill. of Port Chester, 535 F. Supp. 3d 202, 211 (S.D.N.Y. 2021). Thus, an expert's report that does not rely on any information that was previously unknown to him or her is not an appropriate supplemental report under Fed. R. Civ. P. 26 (e). Id. at 211. Further, it is well-settled that an expert's deposition testimony cannot cure a party's failure to include opinions in their expert's report under Rule 26. Id. In determining whether preclusion of expert testimony is warranted due to a party's failure to comply with Fed. R. Civ. P. 26, courts consider four factors: (1) the party's explanation for their failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. Id. at 213.

---

[1] The deposition took two days because Mr. Srinivas needed to conclude the April 3, 2025 early due to a conflict.

May 2, 2025
Page 3

Here, Mr. Srinivas's supplemental report asserts several opinions which, for no justifiable reason, were not contained in his original report. First, on page 17 of his supplemental report, Mr. Srinivas opines that the subject product fails to comply with several specific sections of ANSI Z21.58-2015. See **Ex. C**, at p. 17. This opinion is nowhere to be found in his original report – to the contrary, the original report states that it is "unknown" whether the subject grill complies with ANSI Z21.58-2015, and there is no discussion of the specific sections of the standard that are discussed in the supplemental report. See **Ex. A**, at p. 16. Second, in the supplemental report, Mr. Srinivas opines that the subject accident would have been prevented if the defendant provided certain warnings. See **Ex. C**, at p. 17 and 20. **This opinion is completely absent from Mr. Srinivas's original report**. See **Ex. A**. Lastly, the supplemental report states that [i]t is most likely that propane was released from the unignited burner of the grill to accumulate within a pocket inside the island enclosure to reach above the LEL to cause an explosion." See **Ex. C**, at p. 19. **This causation opinion regarding gas accumulation within some unidentified "pocket" inside the kitchen island enclosure is also nowhere to be found in Mr. Srinivas's original report**. See **Ex. C**. None of these opinions are based upon new information learned by Mr. Srinvias. Thus, preclusion is warranted because they are not proper supplemental opinions under the Federal Rules, and they violate this Court's Order requiring plaintiff's expert disclosure to be served by March 3, 2025.

Mr. Srinivas's "rebuttal" to Mr. Hoffman's report should also be precluded. None of the Court Orders regarding expert discovery provided for rebuttal reports (ECF No. 20-26), nor did plaintiffs ever request same. Additionally, Mr. Srinivas had ample time to review Mr. Hoffman's report prior to either of his two depositions on April 3rd and April 10th, yet he failed to do so. It was not until after the completion of his depositions and Hoffman's deposition that Mr. Srinivas

May 2, 2025
Page 4

responded to Hoffman's opinions, which was on the same day that expert discovery was set to close. Defendant, therefore, was unable to notice a further deposition of Mr. Srinivas regarding his rebuttal opinions. Based on the foregoing, it is respectfully requested that Mr. Srinivas's rebuttal opinions be precluded as well.

**Plaintiffs' Position**

We are the attorneys for the Plaintiffs, Angela and Anthony Perricone ("Plaintiffs"), and submit this letter in opposition to the Defendant's, Coyote Outdoor Living, Inc. ("Defendant"), letter request for a pre motion conference.

Plaintiff's expert, Raj Srinivas, P.E., was deposed by Defendant's counsel on two independent dates, April 3, 2025 with a continuation dated April 10, 2025. It should be noted that the deposition of expert Srinivas dated April 3 proceeded for approximately five (5) hours where Defendant counsel thoroughly interrogated the witness about his findings, raised apparent discrepancies in the report and the basis for his expert opinion. Paramount to the inquiry by Defendant counsel was the rebuttal of Defendant's expert disclosure concerning the accumulation of gas within the island enclosure to reach above the LEL, which according to Defendant's expert, allegedly caused the explosion and the calculation of flow rates. *See* **Ex. B**. Expert Srinivas rebutted this finding not only during his deposition testimony but again opined about a pocket within the island enclosure reaching LEL prior to the accumulation within the entire enclosure which directly contradicts the opinion of the Defendant expert. Deposition excerpts of expert Srinivas' April 3, 2025 and April 10, 2025 deposition transcripts which make reference to pockets are annexed as **Exhibit D** and **Exhibit E**. As such, the rebuttal disclosure is not only permissible but compulsory under both Fed. R. Civ. P. 26 (A) (2) (e) and 26 (e).

In direct rebuttal to Defendant counsel's further claim that Expert Srinivas's opinion lacks

May 2, 2025
Page 5

reference to the lack of certain warnings, I respectfully direct the Honorable Court attention to page 20, paragraph 8, of the original report wherein Expert Srinivas attributes the lack of warnings as a contributory factor in this case. See **Ex. C**. Furthermore, paragraphs 5 and 7 on page 20 also address and effectively rebut Defendants other arguments set forth above. Expert Srinivas' report does in fact address ANSI relevant code applicability in his original report. See **Ex. C** pgs. 15, 16, 17, and 20 para 5. During Expert Srinivas deposition, Defendant counsel references ANSI code more than twenty-five (25) times. See **Exhibit F** Deposition Excerpts of Expert Srinivas' April 3, 2025. Expert Srinivas testified that a tag or mark identifying the applicable ANSI code on the subject grill was not found at the time of inspection and as a result, the correct year for ANSI code applicability was unclear at that time.

On April 17, 2025, a photograph was obtained by our office which in fact showed the tag affixed to the bottom of the subject grill which identified the applicable ANSI code. Expert Srinivas' supplemental report served pursuant to Fed. R. Civ. P. 26 (e) was based on this new information and provided clarity to the applicable ANSI code for the subject grill. The supplemental report only amplifies with specificity Defendants failure to comply with the prevailing ANSI code at the time of manufacturing.

Based upon the foregoing, it is respectfully requested that Defendants attempt to preclude Plaintiff's Rebuttal Expert Witness Disclosure, properly served pursuant to Fed. R. Civ. P. 26 (e) (2), be denied in its entirety.

May 2, 2025
Page 6

                      Respectfully submitted,

                      */s/ Constantinos Tsanatelis*
                      Constantinos Tsanatelis
                      Haworth Barber & Gerstman, LLC
                      Counsel for Defendant

                      */s/ Stephen Smith*
                      Stephen Smith
                      Cusano Smith PLLC
                      Counsel for Plaintiffs